**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CATHEDRAL ART METAL CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> DIVINITY BOUTIQUE, LLC and NICOLE BRAYDEN GIFTS, LLC, <br><br> Defendants. | Civil Action No. _____ |

## <u>VERIFIED COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION AND DAMAGES</u>

Plaintiff Cathedral Art Metal Co., Inc. ("Cathedral Art" or "Plaintiff") brings this action for unfair competition, trademark infringement and trade dress infringement against Defendants Divinity Boutique, LLC ("Divinity Boutique") and Nicole Brayden Gifts, LLC ("Brayden Gifts") (sometimes collectively referred to as "Defendants"), and avers as follows.

### <u>Nature of the Action</u>

1.  Cathedral Art is the owner and exclusive provider of a successful line of homeware products and gift items sold under the trademark AMAZING

WOMAN and the associated AMAZING WOMAN trade dress.  Defendants have misappropriated the AMAZING WOMAN trademark and trade dress, offering competing homeware products and gift items to the same types of customers. More particularly, starting on January 9, 2018, Defendants began to offer such competing homeware products and gift items under the same brand and a confusingly similar trade dress to customers at the Atlanta International Gift and Home Furnishings Markets Show ("the Atlanta Gift Show").

2.     For example, Cathedral Art offers a pie plate under the trademark AMAZING WOMAN that presents a poem in the center of the plate, the poem being entitled "Recipe for an Amazing Woman." At the current Atlanta Gift Show, Defendants are offering a pie plate using the mark AMAZING WOMAN with a poem entitled "Recipe for an Amazing Woman." A side-by-side comparison of the parties' respective uses is provided below:



**Cathedral Art's "Recipe for An Amazing Woman" Pie Plate**

**Brayden Gifts' "Recipe for An Amazing Woman" Pie Plate**

3.      Such misuse of the AMAZING WOMAN trademark and trade dress is

likely to cause confusion, mistake and deception in violation of 15 U.S.C. §1125,

and related unfair competition laws of the State of Georgia. The Atlanta Gift Show

is a major sales opportunity that is available until only January 16, 2018, and Defendants are competing unfairly by misappropriating Cathedral Art's AMAZING WOMAN trademark and trade dress by what appears to have been intentional copying of Cathedral Art's protected brand and creative material.

4.     Cathedral Art thus brings this action at law and in equity for unfair competition, including trademark infringement and trade dress infringement, under the federal Lanham Act, 15 U.S.C. § 1125 *et seq.*; for unfair and deceptive trade practices in violation of the Georgia Uniform Deceptive Trade Practices Act (O.C.G.A. §§ 10-1-370 *et. seq.*); for dilution in violation of the Georgia antidilution laws set forth in O.C.G.A. §§ 10-1-451 *et seq*,; and for violation of Georgia law precluding the use of similar trademarks, names and devices as set forth in O.C.G.A. § 23-2-55 and the common law.

5.     Cathedral Art thus seeks, in part, a temporary restraining order, preliminary injunction and a permanent injunction to stop Defendants from infringing its AMAZING WOMAN trademark and trade dress at the Atlanta Gift Show, and thereafter.  Cathedral Art has suffered and continues to suffer irreparable harm as a result of Defendant's unlawful acts.  Cathedral Art requests an immediate hearing.

## The Parties

6.      Cathedral Art is a corporation organized and existing under the laws of the state of Rhode Island, and maintains its principal place of business at 25 Manton Avenue, Providence, Rhode Island.  Cathedral Art designs, manufactures, and sells a full line of inspirational, religious, and special occasion homeware products, giftware and jewelry, and has done so for more than ninety-five (95) years.

7.      Cathedral Art sells its goods by way of an established network of relatively small, independent religious gift shops located around the United States, including in Georgia, through wholesale representatives, and on the Internet, such as at Amazon.com. Cathedral Art's products, including the product line at issue herein, are sold in the aforementioned religious gift shops, but also in large retailers including TJ Maxx, Marshalls, and Hallmark stores.

8.      On information and belief, Defendant Divinity Boutique is a corporation organized and existing under the laws and protections of the State of Ohio, with a principal place of business located at 31225 Bainbridge Road, Solon, Ohio.

9.      Divinity Boutique is engaged in the sale and distribution of various homeware products, gift items and jewelry. Upon information and belief, Divinity

Boutique sells such products and items to and through a network of local and regional independent and contracted distributors, and at trade shows and on the Internet, around the United States including in Georgia.

10.    Defendant Brayden Gifts is a corporation organized and existing under the laws and protections of the State of Ohio, with a principal place of business located at 31225 Bainbridge Road, Solon, Ohio.

11.    Brayden Gifts is engaged in the sale and distribution of various homeware products, gift items and jewelry.  Upon information and belief, Brayden Gifts sells such products and items to and through a network of local and regional independent and contracted distributors, and at trade shows and on the Internet, around the United States including in Georgia.

12.    On information and belief, Defendants Divinity Boutique and Brayden Gifts are related entities, the majority interests of each both apparently owned by the same individual, Keith Schwartz.

## Jurisdiction and Venue

13.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 15 U.S.C. § 1121, in that this is an action for trademark infringement, trade dress infringement, and unfair competition, and the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

6

14.    The Court has jurisdiction over Defendants, including under 15 U.S.C. § 1125 because they solicit and/or conduct and/or transact business in and within the State of Georgia so as to be subject to this Court's *in personam* jurisdiction, and are in fact at the time of this filing, displaying and distributing products and items bearing the infringing trademark and trade dress in Atlanta, Georgia.  In addition, on information and belief, the Defendants have committed tortious acts within the State of Georgia and/or committed tortious injury in the State of Georgia by an act or omission outside the State and engaged in other persistent courses of conduct in the State of Georgia.

15.    Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400.

## RELEVANT FACTS

## Development and Promotion of The AMAZING WOMAN Brand

16.    Cathedral Art in 2017 purchased and acquired certain assets and intellectual property rights of St. Meinrad Archabbey, an Indiana non-profit corporate entity known as Abbey Press ("Abbey Press").

17.    Abbey Press was a division of The Saint Meinrad Catholic Archabbey in St. Meinrad, Indiana, and operated a commercial printing press and religious and inspirational giftware business to fund the Abbey for over 50 years.  Abbey Press operated a gift shop on the premises of the Abbey that was popular with local

customers and became known as a regional tourist destination for decades.

18.    Through its long and continuous business operations, Abbey Press became known in the homeware and giftware industry as a source of high quality and creative homeware and gift items.

19.    At least as early as 2007, Abbey Press had developed, promoted and sold a line of homeware and gift items under the trademark AMAZING WOMAN. Abbey Press also developed, promoted, and used an associated AMAZING WOMAN trade dress that included a stylized presentation of the mark AMAZING WOMAN displayed against a background of soothing distinctive colors, initially featuring a soft green-and-blue color scheme.



**Cathedral Art's Catalog**

As shown, the trade dress is non-functional and distinctive, and served to identify Abbey Press as the source of the products.

20.     The products developed and sold by Abbey Press under the AMAZING WOMAN brand and the AMAZING WOMAN trade dress were all original creations of Abbey Press and its employees and/or agents creating them as works-for-hire.

21.     Abbey Press used the brand AMAZING WOMAN and the AMAZING WOMAN trade dress on and in conjunction with the advertising, promotion, and sale of a line of homeware products and gift items such as and including serving plates, glass cutting boards, mugs, coaster mugs, spoon rests, baking dishes, wall plaques, pie plates and book holders (the "Amazing Woman Line").

22.     Abbey Press expended significant time and money promoting the Amazing Woman Line under the trademark AMAZING WOMAN and the AMAZING WOMAN trade dress, and developing and protecting its unique brand.

23.     Through its promotion, advertising, and long and continuous use of the AMAZING WOMAN trademark and the AMAZING WOMAN trade dress, as well as the quality of products associated with the AMAZING WOMAN trademark and the AMAZING WOMAN trade dress, Abbey Press developed substantial goodwill in the AMAZING WOMAN trademark long before any act complained of herein. More particularly, the AMAZING

10

WOMAN brand and the AMAZING WOMAN trade dress are widely recognized in the trade and by consumers. Accordingly, the AMAZING WOMAN trademark and the AMAZING WOMAN trade dress are extremely strong and valuable commercial assets.

24.     For many years, Abbey Press enjoyed sales of Amazing Woman Line products throughout the United States bearing the AMAZING WOMAN trademark and the AMAZING WOMAN trade dress that totaled hundreds of thousands of dollars annually. As a result of such substantial sales and the above-described promotional efforts, the Amazing Woman Line products bearing the AMAZING WOMAN trademark and the AMAZING WOMAN trade dress came to be associated with a single source, namely Abbey Press. The AMAZING WOMAN trademark and/or the AMAZING WOMAN trade dress have been widely used across the United States, including in Georgia.

25.     For example, in 2016, Abbey Press sold in excess of thirty-three thousand (33,000) products and items bearing the AMAZING WOMAN trademark and/or the AMAZING WOMAN trade dress, generating sales in excess of $240,000.00.

26.     The AMAZING WOMAN brand came to signify Abbey Press as the sole, unique source of distinctive and high-quality products bearing the

11

AMAZING WOMAN trademark and/or the AMAZING WOMAN trade dress used by Abbey Press.

27.     The Amazing Woman Line products sold by Abbey Press included traditional home-kitchen goods associated with traditional home-kitchen activities such as cooking, baking, and food presentation.

28.     The Amazing Woman Line products sold by Abbey Press included and employed distinctive and creative text affirming the value of traditional female roles, set out that text in a distinctive, simulated handwritten style, and utilized a soothing green-and-blue based color scheme and flower designs.

29.     Abbey Press enjoyed significant success with the Amazing Woman Line products offered and sold under the AMAZING WOMAN trademark and the AMAZING WOMAN trade dress. Abbey Press distributed, offered, and sold such products in retail stores around the country, including TJ Maxx, Marshall's, Home Goods, Hallmark Stores, and Ross Stores, to name a few.

30.     Abbey Press also advertised the Amazing Woman Line products in catalogs, on the Internet, to retailers and distributors at industry trade shows, and in permanent, leased booth space.

31.     As set forth above, in early 2017, Cathedral Art acquired certain assets of Abbey Press, including intangible assets such as all right, title and interest

in and to the Amazing Woman Line and the AMAZING WOMAN trademark and trade dress.

32.    Having acquired the Amazing Woman Line products bearing the AMAZING WOMAN brand and trade dress, Cathedral Art continued to offer such products under the AMAZING WOMAN trademark and trade dress, and in fact expanded sales of such products, thereby enhancing the reputation of the trademark and the trade dress while maintaining the high quality for which such products were known.

33.    Cathedral Art's 2017 sales of Amazing Woman Line products totaled in excess of $388,000 (subsequent to the acquisition). And, another $118,000 worth of Amazing Woman Line products have been purchased (also in 2017) from Cathedral Art and are on order. Abbey Press and/or Cathedral Art have or have had sales in all 50 states using the AMAZING WOMAN mark and/or trade dress.

34.    Yet further, Cathedral Art's asset acquisition also included the right to use the mark "Abbey Gift," another trademark used to signify the acquired lines from Abbey Press.  Thus, with the approval of Abbey Press, Cathedral Art adopted and began using the name Abbey Gift to confirm the heritage and history of the Amazing Woman Line products in conjunction with Cathedral Art's use of the AMAZING WOMAN trademark and trade dress.

13

35.     Still further, Cathedral Art applied for registration of the AMAZING WOMAN trademark with the United States Patent and Trademark Office (Application Serial No. 87/641,483) for a variety of goods in International Classes 20 and 21, including items such book holders, book stands, baking dishes, cake pans, coasters, coffee mugs, coffee cups, tea cups, cutting boards, pie pans, spoon rests and serving dishes, to name a few. Exhibit A is a true and correct copy of Cathedral Art's AMAZING WOMAN trademark application.

36.     Cathedral Art has diligently pursued federal registration for the AMAZING WOMAN mark shown in Application Serial No. 87/641,483, and the mark has been approved for publication, indicating that the Trademark Examiner has approved the mark for registration and it will be published for opposition in due course.

**Defendants' Knowledge of the AMAZING WOMAN**
**Trademark and Trade Dress and Failed Effort to Acquire Same**

37.     Divinity Boutique and Abbey Press, and now Divinity Boutique and Cathedral Art, attend some of the same trade and product shows around the country, promoting and offering their products to the same retailers and distributors.

38.     For a time during the last few years, Abbey Press and Divinity Boutique shared leased booth space at the America's Mart trade center in Atlanta.

14

On information and belief, Divinity Boutique thereby had unfettered access to Abbey Press' full line of products, including the Amazing Woman Line products.

39.    During that time period, on information and belief, Mr. Schwartz, the majority owner and managing member of Divinity Boutique (and Brayden Gifts), had asked his employees at shows to remove their identification badges and to visit and surreptitiously photograph new product lines offered by other sellers in booth showrooms at the shows.

40.    On information and belief, Mr. Schwartz also stated that he believed that he could "get around" the rights of copyright owners, commenting that a copied product "only has to be 10% different," or words to that effect, in order to avoid infringement.

41.    On information and belief, Abbey Press became concerned about Mr. Schwartz' and his companies' business ethics. The booth-sharing relationship between Abbey Press and Divinity Boutique ended after approximately one year.

42.    On information and belief, in approximately January 2017, the owner of Divinity Boutique and Brayden Gifts, Mr. Schwartz, approached the Abbey Press showroom and spoke with a Cathedral Art employee regarding the Amazing Woman Line. In particular, Mr. Schwartz asked what was going to happen to the Amazing Woman Line, and the Cathedral Art employee informed Mr. Schwartz

that Cathedral Art was purchasing the Amazing Woman line and all rights in and to those products. On information and belief, Mr. Schwartz expressed displeasure and informed the Cathedral Art employee that he had wanted to purchase the Amazing Woman Line from Abbey Press. Abbey Press sold the subject assets to Cathedral Art.

## Cathedral Art Acquires the AMAZING WOMAN Trademark and Trade Dress

43.    Cathedral Art in early 2017 entered into an agreement to acquire the retail assets of Abbey Press including its giftware product line, the Amazing Woman Line, and all rights thereto.  Abbey Press and Cathedral Art consummated the acquisition in May 2017.

44.    Cathedral Art thereby succeeded to all rights and interests in and to the Abbey Press product line including the Amazing Woman Line and all rights thereto, including the AMAZING WOMAN trademark and the AMAZING WOMAN trade dress. Cathedral Art has itself expended significant time, resources, and assets promoting Abbey Press products and specifically the Amazing Woman Line, which is the most significant brand of Cathedral Art's Abbey Press line. Cathedral Art has maintained and enhanced the goodwill symbolized by the AMAZING WOMAN trademark and the AMAZING WOMAN trade dress.

16

## Defendants' Infringing Acts

45.     Divinity Boutique and Brayden Gifts have recently added a number of products to its line that effectively copy the distinctive elements, themes, and products of the Amazing Woman Line products that bear the AMAZING WOMAN trademark and AMAZING WOMAN trade dress.

46.     On Sunday, January 7, 2018, a long-time Cathedral Art employee arrived at the America's Mart to set up Cathedral Art's show space for the Atlanta Gift Show, a major and significant marketing opportunity for Cathedral Art and other manufacturers and distributors of branded products.

47.     The employee had barely entered the building when she was confronted with a Divinity Boutique product display in the second-floor lobby of building 2 of America's Mart.  The employee was shocked as she immediately recognized the products in the display as unauthorized copies of Cathedral Art's Amazing Women Line products/collection, (infringing) trademark "AMAZING WOMAN" prominently featured.

48.     A true and accurate photograph of the Divinity Boutique building 2 lobby display is set forth below:

17



49.     Many if not all of the products in the Divinity Boutique lobby display

misappropriate and unlawfully display the AMAZING WOMAN trademark.

Moreover, many of these products have adopted a confusingly similar, if not

identical, trade dress. For example, the pie plate in the Divinity Boutique display

utilizes a stylized script presentation of thee mark AMAZING WOMAN and a soft

blue color background with a "Recipe for an Amazing Woman" poem that is

substantially similar to Cathedral Art's pie plate. See below and Paragraph 2

above:

  

  

50.     The Divinity Boutique showroom at the Atlanta Gift Show also features unauthorized copies of numerous Abbey Press products and specifically the Amazing Woman Line products.

51.     In fact, the portion of the Divinity Boutique showroom display dedicated to its infringing "Amazing Woman" products is remarkably similar to the portion of the Cathedral Art Atlanta Gift Show showroom display dedicated to its Abbey Gift and Amazing Woman Line:



**Divinity Boutique Showroom Display**          **Cathedral Art Showroom Display**

52.     The Cathedral Art Atlanta Gift Show product showroom and the Divinity Boutique Atlanta Gift Show product showroom are very close to each other – on the same floor, in the same section, and on the same hallway – five showrooms apart.  Cathedral Art has product showroom 1335A; Divinity Boutique has showroom 1340, a short walk away.

53.     The attached Exhibit B shows the floor plan of the parties' respective showrooms, with the Cathedral Art showroom indicated in red lines and the

20

Defendants' showroom in yellow highlight.

54.    Subsequent investigation has revealed that homewares and gift items provided by Brayden Gifts also infringe the AMAZING WOMAN trademark and AMAZING WOMAN trade dress. More particularly, Brayden Gifts' most recent catalog offers such goods for sale bearing unlawful copies of or confusingly similar to the AMAZING WOMAN trademark and trade dress. *See* Exhibit C.

55.    In view of the foregoing, on information and belief, Divinity Boutique and/or Brayden Gifts have recently begun manufacturing, promoting, and selling products that unlawfully bear the AMAZING WOMAN trademark and AMAZING WOMAN trade dress, as well as other products that copy the Abbey Press gift line, including serving dishes, spoon rests, glass cutting boards, coasters, coaster mugs, plaques, pie plates, and mugs.  The subject Defendants' products unlawfully bear the AMAZING WOMAN trademark and display a trade dress that includes the AMAZING WOMAN trademark, a stylized presentation of the AMAZING WOMAN mark against a soft background color, such as the green-and-blue color scheme, and text that espouses traditional feminine values and attributes, and other design characteristics of the traditional Abbey Press products.

56.    On information and belief, Defendants are believed to have had knowledge of Cathedral Art's prior use of the AMAZING WOMAN trademark

and trade dress, and are not licensed or approved by any party to use same.

57.   On information and belief, Defendants' unauthorized use of a colorable imitation or facsimile of the AMAZING WOMAN trademark and trade dress has been made in an effort and with the intent to confuse, mislead, deceive or cause the relevant public to mistakenly believe that Defendants' goods originate with or are approved by Cathedral Art.

58.   Plaintiff and Defendants compete for the same or similar customers in the homeware and giftware industry.

59.   Plaintiff and Defendants offer competing and similar goods.  At minimum, Plaintiff and Defendant offer related goods.

60.   Plaintiff and Defendants offer their respective goods in similar, if not identical, channels of trade, including in catalogs, at trade shows, and on the Internet. Defendants are currently offering a line of "Amazing Woman" products at the Atlanta Gift Show.

61.   Defendants' actions have caused, and continue to cause, irreparable harm to Plaintiff.

62.   Cathedral Art has suffered and is continuing to suffer irreparable harm as it has lost and is losing control over the use of its AMAZING WOMAN trademark and trade dress, and as Defendants benefit unlawfully from

misappropriation of the goodwill symbolized by Cathedral Art's AMAZING WOMAN trademark and trade dress.

63.     Plaintiff has also suffered damages. On information and belief, a customer at a recent trade show remarked that it had already placed its order for what it thought were Abbey Press products, apparently through and from Divinity Boutique, on the mistaken understanding that Divinity Boutique had succeeded to the line of Abbey Press products, having seen a Divinity Boutique display.

## COUNT I
## Federal Common Law Trademark Infringement

64.     Plaintiff restates and realleges paragraphs 1-63 above by reference as if fully set forth herein.

65.     Plaintiff owns and has exclusive trademark rights in and to the "AMAZING WOMAN" trademark.

66.     The actions of Defendants described herein and specifically, without limitation, their unauthorized use of the "AMAZING WOMAN" mark, or confusingly similar variations thereof, in commerce to advertise, promote, market, and sell their products, designate falsely that Defendants' goods emanate or originate from, or are sponsored or approved by, Cathedral Art. The foresaid acts thus constitute trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

67.     As a result of Defendants' infringement, Plaintiff has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctive relief against such infringement under 15 U.S.C. § 1116.

68.     As a result of Defendants' infringement, Plaintiff has been damaged, and will further be damaged, and is entitled to compensation for such damages under 15 U.S.C. § 1117. Furthermore, on information and belief, Defendants' actions were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover enhanced damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT II
## Federal Unfair Competition

69.     Plaintiff restates and realleges paragraphs 1-63 above by reference as if fully set forth herein.

70.     Plaintiff has rights in and to the "AMAZING WOMAN" trademark.

71.     The actions of Defendants described herein and specifically, without limitation, their unauthorized use of the "AMAZING WOMAN" mark, or confusingly similar variations thereof, in commerce to advertise, promote, market, and sell their products, constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

24

72.     As an actual and proximate result of Defendants' willful and intentional actions, Plaintiff has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctive relief against such actions under 15 U.S.C. § 1116.

73.     As an actual and proximate result of Defendants' willful and intentional actions, Plaintiff has been damaged, and will further be damaged, and is entitled to compensation for such damages under 15 U.S.C. § 1117. Furthermore, on information and belief, Defendants' actions were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Plaintiff to recover enhanced damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT III
## Common Law Trademark Infringement

74.      Plaintiff restates and realleges paragraphs 1-63 above by reference as if fully set forth herein.

75.     Plaintiff has rights in and to the "AMAZING WOMAN" trademark.

76.     Plaintiff owns and enjoys common law trademark rights throughout the United States, including the State of Georgia, in and to the "AMAZING WOMAN" mark, and such rights are superior to any rights which Defendants may

claim in and to said trademark.

77.     The actions of Defendants described herein and specifically, without limitation, their unauthorized use of the "AMAZING WOMAN" mark, or confusingly similar variations thereof, in commerce in the State of Georgia and throughout the United States to advertise, promote, market, and sell their products, is likely to cause and is causing confusion as to the source of the Defendants' products in that purchasers will be likely to associate or have associated such products as originating with Plaintiff to the detriment of Plaintiff.

78.     Defendants have been unjustly enriched by their infringement of the "AMAZING WOMAN" mark.

79.     Plaintiff has been and is being damaged by such acts of common law trademark infringement by Defendants.

80.     Defendants' actions have caused irreparable harm to Plaintiff and must be enjoined.

### COUNT IV
### Common Law and Georgia Unfair Competition

81.      Plaintiff restates and realleges paragraphs 1-63 above by reference as if fully set forth herein.

82.     Plaintiff has rights in and to the "AMAZING WOMAN" mark.

83.     The actions of Defendants described herein and specifically, without

limitation, their unauthorized use of the "AMAZING WOMAN" mark, or

confusingly similar variations thereof, in commerce to advertise, promote, market,

and sell their products, constitutes unfair competition in violation of O.C.G.A.

§ 23-2-55 and constitutes improper and unfair competition with Plaintiff and an

encroachment upon Plaintiff's business in violation of common law of the State of

Georgia.

84.    As an actual and proximate result of Defendants' willful and

intentional actions, Plaintiff has suffered, and will continue to suffer, irreparable

harm for which there is no adequate remedy at law. Plaintiff is entitled to

preliminary and permanent injunctive relief against such actions.

## COUNT V
## Deceptive Trade Practices

85.    Plaintiff restates and realleges paragraphs 1-63 above by reference as

if fully set forth herein.

86.    The use of "AMAZING WOMAN" mark by Defendants constitutes

engagement by Defendants in unfair and deceptive trade practices within the

meaning of the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-

372(a)(1) by passing off Defendants' products as that of Plaintiff.

87.    The use of the "AMAZING WOMAN" mark by Defendants has

caused and is likely to cause confusion or misunderstanding as to the source,

sponsorship, approval or certification of affiliation, connection, or association of Defendants' products in violation of O.C.G.A. § 10-1-372(a)(2).

88.     The use of the "AMAZING WOMAN" mark by Defendants has caused and is likely to cause confusion or misunderstanding as to the affiliation, connection or association of Defendants with Plaintiff or certification by Plaintiff in violation of O.C.G.A. § 10-1-372(a)(3).

89.     The use of the "AMAZING WOMAN" mark by Defendants has caused and is likely to cause confusion or misunderstanding that Defendants have the sponsorship or approval of Plaintiff, in violation of O.C.G.A. § 10-1-372(a)(5).

90.     The use of the "AMAZING WOMAN" mark by Defendants constitutes the engagement of conduct which creates a likelihood of confusion or misunderstanding with respect to Plaintiff in violation of O.C.G.A. § 10-1-372(a)(12).

91.     Defendants have been unjustly enriched by their deceptive trade practices in using marks which are confusingly similar to Plaintiff's mark. Plaintiff has been and is being damaged by such deceptive trade practices by Defendants.

## COUNT VI
## Trade Dress Infringement

92.     Plaintiff restates and realleges paragraphs 1-63 above by reference as if fully set forth herein.

93.     Cathedral Art has a protectable interest in its trade dress, which includes a stylized, script written presentation of the mark AMAZING WOMAN against a soft background color, such as the green-and-blue color scheme, and text that espouses traditional feminine values and attributes, and other design characteristics of the traditional Abbey Press products. This trade dress is non-functional and associated with Cathedral Art and has acquired secondary meaning. On information and belief, Defendants deliberately and intentionally copied the overall look, font, design elements, and layout of Plaintiff's Amazing Woman Line products. By duplicating the total image and overall appearance of Plaintiff's products, Defendants have copied the Amazing Woman Line products' particular trade dress, creating confusing among Plaintiff's customers.

94.     At no time has Plaintiff authorized Defendants to distribute, reproduce, or adapt the Amazing Woman Line products' trademark or trade dress.

95.     Defendants' unlawful activities have resulted in irreparable harm and injury to Plaintiff in that, among other things, Defendants deprive Plaintiff of its absolute right to determine the manner in which its products are presented to the public; deceive and confuse the public as to the origin and sponsorship of such products; wrongfully prey upon and usurp the reputation and goodwill of Plaintiff; and irreparably harm and injure the reputation of Plaintiff for providing quality

products.

96.     Pursuant to 15 U.S.C. § 1125(a), the acts of Defendants constitute a false designation of origin and a false or misleading description or representation of their products in violation of Section 43(a) of the Lanham Act.

97.     Defendants' actions are willful, deliberate, and done with knowledge of Plaintiff's exclusive proprietary rights and other legitimate interests and with knowledge that these actions are likely to confuse, mislead, and deceive the public. Plaintiff has no adequate remedy at law, and if the unlawful activities of Defendants complained of herein are not enjoined, Defendant will continue to cause irreparable damage to the legitimate interests of Plaintiff, including the goodwill associated with Plaintiff's trade dress.

## **CLAIMS FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     Entry of judgment holding Defendants liable for infringement of Plaintiff's rights in and to the AMAZING WOMAN mark and trade dress, including under 15 U.S.C. § 1125;

B.     A temporary restraining order, and an order preliminary and permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, all those in active concert or participation with it, and all other parties

properly enjoined by law, from continued acts of infringement of Plaintiff's "AMAZING WOMAN" mark and/or trade dress and specifically, requiring that Defendants immediately stop selling a line of "Amazing Woman" products at the Atlanta Gift Show;

C.     A temporary restraining order, and an order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, all those in active concert or participation with it, and all other parties properly enjoined by law, from unfairly competing with Plaintiff in any manner whatsoever, including by offering and selling products that bear the trademark AMAZING WOMAN and/or the AMAZING WOMAN trade dress and by making a false designation of origin, false designation or false representation in violation of Section 43 of the Lanham Act;

D.     Award Plaintiff damages adequate to compensate for all such unauthorized acts of infringement, including pursuant to 15 U.S.C. § 1117, and treble the damages award by reason of the willful and deliberate nature of Defendants' acts of infringement;

E.     Award Plaintiff its attorneys' fees by reason of the willful and deliberate nature of Defendants' acts of infringement, including pursuant to 15 U.S.C. § 1117;

F.      Entry of judgment holding Defendants liable for violating state unfair competition law, including under the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-371, *et seq.*; the Georgia Antidilution Statute, O.C.G.A. § 10-1-451; the Georgia Trademark Statute, O.C.G.A. § 23-2-55; and the common law;

G.      Award Plaintiff damages, including treble damages, costs and attorneys' fees for Defendants' unfair and deceptive acts, including pursuant to the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-371, *et seq.*;

H.      Award Plaintiff damages, including treble damages, costs and attorneys' fees for Defendants' acts of trade dress infringement, including pursuant to 35 U.S.C. §§ 1116-1118;

I.      For an order that all products, inventory, pictures, brochures, advertisements, catalogs, and any other similar materials bearing the AMAZING WOMAN trademark and/or trade dress, whether in possession of Defendants or any of their respective representatives, agents, servants, employees, successors, assigns, or third-party purchasers including those items in inventory in retail stores, be delivered up and destroyed, including all those items which have not yet been sold and/or shipped to resellers, distributions, or the consuming public;

J.      An accounting for and payment of any profits of Defendants resulting from the activities complained of herein, increased as the Court finds to be just under the circumstances of this case; and

K.      Award such other and further relief as this Court may deem just and proper.

## **Jury Demand**

Cathedral Art Metal Co., Inc. hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 10th day of January, 2018.

/s/ Walter Hill Levie III
Stephen M. Schaetzel
Georgia State Bar No. 628653
Walter Hill Levie III
Georgia State Bar No. 415569
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street N.E., Suite 1300
Atlanta, Georgia 30309
Telephone: (404) 645-7700
Facsimile: (404) 645-7707
*sschaetzel@mcciplaw.com*
*tlevie@mcciplaw.com*

*Counsel for Plaintiff*
*Cathedral Art Metal Co., Inc.*

Of counsel:

Thomas R. Noel (pro hac vice pending)
NOEL LAW
203 South Main Street, Suite 2
Providence, Rhode Island 02903
Telephone: (401) 272-7400
Facsimile: (401) 621-5688
*tnoel@lawnoel.com*

## **VERIFICATION**

I, Leo A. Tracey, declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and accurate based on my own personal knowledge or knowledge and information adduced by me as President of Plaintiff Cathedral Art Metal Co., Inc., or, where so indicated, that I believe such to be true.

Leo A. Tracey, President
Cathedral Art Metal Co., Inc.

Dated: 1/10/18