# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CATHEDRAL ART METAL CO., <br><br> Plaintiff, <br><br> v. <br><br> DIVINITY BOUTIQUE, LLC and NICOLE BRAYDEN GIFTS, LLC, <br><br> Defendants. | 1:18-cv-141-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Cathedral Art Metal Co.'s ("Plaintiff" or "Cathedral") Motion for Temporary Restraining Order [2] (the "Motion").

## I. BACKGROUND

A. <u>Facts</u>

Plaintiff and Defendants Divinity Boutique, LLC and Nicole Brayden Gifts, LLC (collectively, "Defendants" or "Divinity Boutique") compete in the homewares and giftware marketplace. Both parties are presently exhibiting at the International Gift Home Furnishing Market currently being held in Atlanta (the 2018 Atlanta Gift Show), which runs until January 16, 2018 at the AmericasMart in downtown Atlanta. Plaintiff alleges it "is the owner and seller of the 'Amazing

Woman' line of homeware products and gift items, which are characterized by the trademark AMAZING WOMAN and a distinctive trade dress that includes a stylized script writing presentation of the mark AMAZING WOMAN on a soft and soothing color palette, and typically further includes a textual presentation of traditional feminine virtues and attributes." ([2-1] at 3).

Plaintiff alleges that Defendants have "misappropriated and are infringing Cathedral's exclusive rights in the AMAZING WOMAN trademark, and the associated trade dress" by "showing and offering at . . . the 2018 Atlanta Gift Show the same homeware and giftware items" that "bear Cathedral Art's AMAZING WOMAN trademark." ([2-1] at 1). Plaintiff further contends that Defendant's items "present Cathedral's AMAZING WOMAN mark in a stylized script writing on a soft and soothing color palette, frequently with text that espouses traditional feminine virtues and attributes, which further infringes Cathedral Art's trade dress." (Id.) Plaintiff asserts that "customers are being misled and confused, including professional buyers at the Atlanta Gift Show." (Id. at 2). Plaintiff seeks immediate temporary relief to "protect the public from such confusion and deception, and to preserve Cathedral Art's goodwill as symbolized by its AMAZING WOMAN trademark and associated trade dress."

2

B.  Procedural History

On January 10, 2018, Plaintiff filed a Complaint [1] and a Motion for Temporary Restraining Order [2].  The Motion seeks to "preclude[] Defendants from selling goods bearing Plaintiff's AMAZING WOMAN trademark and/or associated trade dress at the Atlanta Gift Show that is occurring now, until January 16, 2018." ([2] at 1).  On January 12, 2018, the Court conducted a hearing on the Motion, during which all parties were represented by counsel.

## II. DISCUSSION

A.  Legal Standard

To obtain a temporary restraining order, a party must demonstrate: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (per curiam).  "Temporary restraining orders are an extraordinary remedy designed to preserve the *status quo*, and to prevent irreparable harm before the merits of a case can be heard." Mama's Enterprises, LLC v. United States, 883 F. Supp. 2d 1128, 1132 (N.D. Ala. 2012).  They are "not to be granted unless the movant clearly establishes the burden of persuasion as to

3

each of the four prerequisites." Schmitt v. Reimer, No. 110-cv-102, 2010 WL 3585187, at *1 (S.D. Ga. Sept. 14, 2010) (internal quotation marks omitted) (quoting Redford v. Gwinnett Jud. Cir., 350 Fed. App'x. 341, 345 (11th Cir. 2009)).

"A demonstration of irreparable injury by the party seeking relief is an essential prerequisite to a temporary restraining order." 11A Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 2951 (3d ed. Apr. 2017 Update); see Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) ("A showing of irreparable injury is the sine qua non of injunctive relief."). "[T]he asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel, 234 F.3d at 1176. "An injury is 'irreparable' only if it cannot be undone through monetary remedies." Ne. Florida Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990); see Tiber Labs., LLC v. Hawthorn Pharm., Inc., 527 F. Supp. 2d 1373, 1381 (N.D. Ga. 2007) ("To establish irreparable harm, the movant must show that the injury is immediate and is not compensable by monetary damages."). "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." City of Jacksonville, Fla., 896 F.2d at 1285.

B. <u>Analysis</u>

The Court finds that Plaintiff failed to demonstrate a substantial likelihood of succeeding on their trademark or trade dress claims. To establish trademark infringement under Section 43(a), Plaintiff bears the burden of demonstrating that "(1) that it had trademark rights in the mark or name at issue and (2) that the other party had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two." <u>Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.</u>, 106 F.3d 355, 358 (11th Cir. 1997).

Plaintiff does not hold a registered AMAZING WOMAN trademark. But the Eleventh Circuit has recognized "the use of another's unregistered, *i.e.,* common law, trademark can constitute a violation of § 43(a) where the alleged unregistered trademarks used by the plaintiff are so associated with its goods that the use of the same or similar marks by another company constitutes a false representation that its goods came from the same source." <u>Tana v. Dantanna's</u>, 611 F.3d 767, 772–74 (11th Cir. 2010), citing <u>Conagra, Inc. v. Singleton</u>, 743 F.2d 1508, 1512–13 (11th Cir. 1984) (internal quotations and citations omitted). "However, only those marks that are capable of distinguishing the owner's goods from those of others, i.e., that are sufficiently 'distinctive,' are eligible for federal registration or protection as common law marks under the Lanham Act." <u>Tana,</u>

611 F.3 at 773, citing 15 U.S.C. § 1052(e), (f); Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 768, 112 S.Ct. 2753, 2757, 120 L.Ed.2d 615 (1992); Coach House Rest., Inc. v. Coach & Six Rests., Inc., 934 F.2d 1551, 1559 (11th Cir. 1991).

With respect to whether consumers would identify Cathedral, or its predecessor Abbey Press, as the source of Amazing Woman products, Plaintiff's offer an affidavit of Barbara Olmsted [7-1] stating that, based on her experience working in the inspirational giftware and homeware business for many years, "[i]t was known that the AMAZING WOMAN products were a successful product line for Abbey Press." ([7-1] at 2 ¶ 4). The Verified Complaint [1] and Plaintiff's Brief in Support of the Motion [2-1] contain similar conclusory statements. The Court, however, concludes that the evidence offered by Plaintiff at this early stage is insufficient to establish a substantial likelihood of demonstrating that consumers would associate the AMAZING WOMAN common law trademark with Cathedral or its predecessor in interest, Abbey Press. Cathedral may well be able to make this showing and will be given an opportunity to do so upon a motion for Preliminary Injunction.

For the same reason, Plaintiff failed to demonstrate a likelihood of proving trade dress infringement. In order to prevail on a claim for trade dress

infringement under Section 43(a) of the Lanham Act, a plaintiff must prove three elements: (1) that the trade dress of the two products is confusingly similar; (2) that the features of the trade dress are primarily non-functional; and (3) that the trade dress is inherently distinctive or has acquired secondary meaning. Epic Metals Corp. v. Souliere, 99 F.3d 1034, 1038 (11th Cir. 1996). As with the AMAZING WOMAN trademark, the evidence offered by Plaintiff at this early stage is insufficient to establish a substantial likelihood of demonstrating that consumers would associate the trade dress of the Amazing Woman product line with Cathedral or its predecessor in interest, Abbey Press. Evidence to support its trade dress claim also may be presented at a Preliminary Injunction hearing.

Because the evidence now is insufficient to show that consumers would associate Cathedral, or its predecessor in interest, with the AMAZING WOMAN trademark or associated trade dress, Plaintiff also failed to show irreparable harm if Defendants are permitted to continue selling products from their Amazing Woman collection.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order [2] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file its Motion for Preliminary Injunction by 10:00 a.m. on January 16, 2018; Defendant shall file its response to Plaintiff's motion for Preliminary Injunction by 10:00 a.m. on January 22, 2018; and Plaintiff shall file its reply, if any, by 10:00 a.m. on January 24, 2018.

**IT IS FURTHER ORDERED** that the parties shall submit a joint discovery plan by 5:00 p.m. on January 16, 2018.

**IT IS FURTHER ORDERED** that the time to respond to written discovery propounded shall be seven (7) calendar days, and that written discovery shall be served so that responses are due on or before January 24, 2018.

**IT IS FURTHER ORDERED** that the Court will conduct a Preliminary Injunction hearing on January 24, 2018, at 1:00 p.m., in Courtroom 1705, Richard B. Russell Federal Building, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303.

**SO ORDERED** this 12th day of January, 2018.

_/s/ William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE