UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CATHEDRAL ART METAL CO., INC., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:18-cv-00141-WSD ) |
| DIVINITY BOUTIQUE, LLC, *et al.* | ) ) |
| Defendants. | ) ) ) |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Rule 12(b)(2), Defendant Divinity Boutique, LLC moves to dismiss Plaintiff's First Amended Complaint for lack of personal jurisdiction. [Doc. 53]. Pursuant to Rule 12(b)(6), Defendants move to dismiss Count II, for Federal Trademark and Trade Dress Infringement and Unfair Competition, and Count VI, for Trade Dress Infringement Under 15 U.S.C. § 1125(a), for failure to state a claim upon which relief may be granted.[1]

---

[1] Plaintiff's filing of an amended complaint rendered moot Defendants' previous motion to dismiss. See *Colotl Coyotl v. Duke*, No. 1:17-CV-1670-MHC, 2017 WL 6997142, at *2 (N.D. Ga. Nov. 8, 2017) (citing *Dresdner Bank, A.G. v. M/V Olympia Village*, 463 F.3d 1210, 1215 (11th Cir. 2006); other citation omitted).

1

## I.  MOTION TO DISMISS DEFENDANT DIVINITY BOUTIQUE, LLC FOR LACK OF PERSONAL JURISDICTION

"Because '[a] court without personal jurisdiction is powerless to take further action,' courts must rule on jurisdictional issues before considering the merits of a complaint." *Ascension Tech. Grp. Ltd. v. AIP Asset Mgmt., Inc.*, No. 1:16-CV-4312-MHC, 2017 WL 3113420, *2 (N.D. Ga. Mar. 30, 2017) (quoting *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n.6 (11th Cir. 1999) ("[A] court should decide a 12(b)(2) motion to dismiss before a 12(b)(6) motion because 'a court without [12(b)(2) ] jurisdiction lacks power to dismiss a complaint for failure to state a claim.' ") (quoting *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963)). "If the Court finds personal jurisdiction to be lacking, it must dismiss the suit and cannot consider the merits of Plaintiff's claims or the other motions before the Court as they relate to Defendant [Divinity Boutique, LLC]." *Ascension Tech.*, 2017 WL 3113420 at *2 (citing *Read v. Ulmer*, 308 F.2d 915, 917 (5th Cir. 1962) ("It would seem elementary that if the Court has no jurisdiction over a defendant, the defendant has an unqualified right to have an order granting its motion to dismiss.")).

"A federal court 'undertakes a two-step inquiry to determine whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the

Fourteenth Amendment to the United States Constitution.' " *Ascension Tech.*, 2017 WL 3113420 at *3 (quoting *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1257–58 (11th Cir. 2010) (citation and quotations omitted in original)). "District courts in Georgia cannot conflate these two inquires because Georgia's long-arm statute does not provide jurisdiction that is coextensive with due process." *Ascension Tech.*, 2017 WL 3113420 at *3 (quoting *Diamond Crystal*, 593 F.3d at 1259). "Instead, the long-arm statute 'imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process.' " *Ascension Tech.*, 2017 WL 3113420 at *3 (quoting *Diamond Crystal*, 593 F.3d at 1259) (footnote omitted in original). "This Court must interpret and apply Georgia's long-arm statute literally." *Ascension Tech.*, 2017 WL 3113420 at *3.

## A.    The Long-Arm Statute Does Not Reach Divinity Boutique, LLC

Georgia's long-arm statute reaches only those nonresidents whose conduct brings them within the coverage one of the six subsections of O.C.G.A. § 9-10-91. *Ascension Tech.*, 2017 WL 3113420 at *3. Plaintiff alleges jurisdiction as follows:

> *The Court has jurisdiction over Defendants, including under 15 U.S.C. § 1125 because they solicit and/or conduct and/or transact business in and within the State of Georgia so as to be subject to this Court's* in personam *jurisdiction, and are in fact at the time of this filing, displaying and distributing products and items bearing the infringing trademark and trade dress in Atlanta, Georgia. In addition,*

> *on information and belief, the Defendants have committed tortious*
> *acts within the State of Georgia and/or committed tortious injury in*
> *the State of Georgia by an act or omission outside the State and*
> *engaged in other persistent courses of conduct in the State of Georgia.*

[Doc. 53, ¶14]. These allegations implicate O.C.G.A. § 9-10-91(1) (transacting any business within this state); O.C.G.A. § 9-10-91(2) (committing a tortious act of omission with this state); and O.C.G.A. § 9-10-91(3) (committing a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state).

However, Defendant Divinity Boutique, LLC is not an operational entity. [Declaration of Keith Schwartz, ¶9]. Divinity Boutique, LLC is an Ohio limited liability company with its principal place of business in Ohio. [Id., ¶10]. Divinity Boutique, LLC does not practice business and has not for many years. [Id., ¶11]. Divinity Boutique, LLC made no sales of any goods from at least 2017 to the present. [Id., ¶12]. Thus, Divinity Boutique, LLC is not subject to Georgia's long-arm statute under O.C.G.A. § 9-10-91(1), as it has not transacted any business since well before the January 9, 2018 date alleged in the Amended Complaint as the start of the offending conduct. [Doc. 53, ¶1].

Divinity Boutique, LLC has not engaged in any of the conduct alleged in

this case. [Id., ¶13]. In response to Plaintiff's Interrogatory No. 1—asking to identify "each and every product" marketed or sold and "bear[ing] the words 'Amazing Woman,' a poem that includes the words 'Amazing Woman,' and/or is a part of Divinity Boutique's or Nicole Brayden Gifts' [sic] 'Amazing Woman Collection' "—Divinity Boutique, LLC responded that it identifies "none." [Exh. A]. As to the amount ordered (Int. No. 2), the identity of purchasers (Int. No. 3), and product development (Int. No. 4), and instances of confusion (Int. No. 5), Divinity Boutique, LLC likewise responded "none." [Exh. A]. Thus, Divinity Boutique is not subject to Georgia's long-arm statute on the basis of committing a tort within or outside this state. O.C.G.A. § 9-10-91(2) and (3).

**B.    Jurisdiction Over Divinity Boutique, LLC Violates Due Process**

**1.    Divinity Boutique, LLC is not subject to general jurisdiction.**

"The Supreme Court recently reviewed the requirements for exercising general jurisdiction and, as should be the result in this case, found the basis for asserting jurisdiction to be lacking… ." *Leonard Rowe v. Gary, Williams, Parteni, Watson and Gary, P.L.L.C.*, No. 16-17798, --- Fed. App'x. ----, 2018 WL 627479, *2 (11th Cir. Jan. 31, 2018). As the Eleventh Circuit summarized in that case:

> Goodyear *and* Daimler *clarified that "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them*

*essentially at home in the forum State."* Daimler, *571 U.S. at ___, 134 S.Ct. at 754 (quoting* Goodyear, *564 U.S. at 919, 131 S.Ct. at 2846). The "paradigm" forums in which a corporate defendant is "at home," we explained, are the corporation's place of incorporation and its principal place of business.* Daimler, *571 U.S. at ___, 134 S.Ct. at 760;* Goodyear, *564 U.S. at 924, 131 S.Ct. at 2846. The exercise of general jurisdiction is not limited to these forums; in an "exceptional case," a corporate defendant's operations in another forum "may by so substantial and of such a nature as to render the corporation at home in that State."* Daimler, *571 U.S. at ___, 134 S. Ct at 761 n. 19. We suggested that* Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 72 S. Ct. 413, 96 L.Ed. 485 (1952), exemplified such a case.* Daimler, *571 U.S. at ____ n. 19, 134 S.Ct. at 761 n. 19. In* Perkins*, war had forced the defendant corporation's owner to temporarily relocate the enterprise from the Philippines to Ohio. 342 U.S. at 447–48, 72 S.Ct. at 413. Because Ohio then became "the center of the corporation's wartime activities,"* Daimler, *571 U.S. at ____ n. 8, 134 S. Ct. at 756 n. 8, suit was proper there,* Perkins, *342 U.S. at 448, 72 S. Ct at 413. [...] In short, the business BNSF does in Montana is sufficient to subject the railroad to specific personal jurisdiction in that State on claims related to the business it does in Montana. But in-state business, we clarified in* Daimler *and* Goodyear*, does not suffice to permit the assertion of general jurisdiction over claims like Nelson's and Tyrrell's that are unrelated to any activity occurring in Montana.*

*Leonard Rowe*, 2018 WL 627479 at *2 (quoting *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558–59, 198 L. Ed. 2d 36 (2017) (holding that because BNSF was "not incorporated in Montana and does not maintain its principal place of business there" or was otherwise "so heavily engaged in activity in Montana 'as to render [it] essentially at home' in that State," general jurisdiction was improper);

*Carmouche v. Tamborlee Management, Inc.*, 789 F.3d 1201, 1204–05 (11th Cir.

2015) (holding the district court did not have general personal jurisdiction). "Because the allegations in the complaint do not demonstrate any facts that indicate the Gary Defendants are 'essentially at home' in the State of Georgia, general personal jurisdiction is improper." *Leonard Rowe*, 2018 WL 627479 at *2.

Here, Plaintiff does not allege that Defendant Divinity Boutique, LLC is "essentially at home" in the State of Georgia. Rather, Plaintiff alleges that Divinity Boutique, LLC is an Ohio limited liability company with its principal place of business in Ohio. [Doc. 53, ¶10; see also Schwartz, ¶10]. The company is non-operational and has not practiced business for many years. [Schwartz, ¶¶9, 11]. Plaintiff has not alleged any facts suggesting that this is an "exceptional case" that would warrant a finding of general jurisdiction.

**2.  Divinity Boutique, LLC is not subject to specific jurisdiction.**

In specific-jurisdiction cases, courts "apply the three-part due process test, which examines: (1) whether the plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant 'purposefully availed' himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.' " *Leonard Rowe*, 2018 WL 627479 at *3 (quoting

*Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73, 474–75, 104 S. Ct. 1868, 1872 (1985); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945)) (other citations omitted in original). "Plaintiff must prove the first two prongs and, if successful, the defendant must then make a 'compelling case' that exercising jurisdiction would violate traditional notions of fair play and substantial justice." *Leonard Rowe*, 2018 WL 627479 at *2 (citing *Int'l Shoe*, 326 U.S. at 316; *Diamond Crystal*, 593 F.3d at 1267).

"In specific jurisdiction cases, the 'fair warning requirement is satisfied if the defendant has purposefully directed his activities at residents of the forum … and the litigation results from alleged injuries that arise out of or relate to those activities.' " *Diamond Crystal*, 593 F.3d at 1267 (quoting *Burger King*, 471 U.S. at 471–72, 105 S. Ct. at 2182). "[T]he defendant must have 'purposefully availed' itself of the privilege of conducting activities—that is purposefully establishing contacts—in the forum state and there must be a sufficient nexus between those contacts and the litigation." *Leonard Rowe*, 2018 WL 627479, at *2  (quoting *Diamond Crystal*, 593 F.3d at 1267).

Here, there is no such nexus. In response to Plaintiff's Interrogatory No. 1— asking to identify "each and every product" marketed or sold and "bear[ing] the

words 'Amazing Woman,' a poem that includes the words 'Amazing Woman,' and/or is a part of Divinity Boutique's or Nicole Brayden Gifts' [sic] 'Amazing Woman Collection' "—Divinity Boutique, LLC responded that it identifies "none." [Exh. A]. As to the amount ordered (Int. No. 2), the identity of purchasers (Int. No. 3), and product development (Int. No. 4), and instances of confusion (Int. No. 5), Divinity Boutique, LLC likewise responded "none." [Exh. A].

As Mr. Schwartz testified at the January 24, 2018 hearing,

> *Q. I would like to ask you a question about the defendant, Divinity Boutique L.L.C. What is the current status of that company?*
> *A. The company is not operational.*
> *Q. Describe of the conduct alleged in this case and the products that we have discussed any involvement Divinity Boutique L.L.C. had with those products?*
> *A. None. Divinity Boutique today is just a brand under Nicole Brayden Gifts.*
> *Q. So the legal entity Divinity Boutique L.L.C.—*
> *A. Did not—*
> *Q. —did not engage in any of the conduct here?*
> *A. Didn't engage in any of the conduct. Doesn't practice business, and hasn't for many years.*
> *Q. And that's consistent with discovery responses you provided to the plaintiff; correct?*
> *A. That's correct.*

[Tr. 73:17–74:8]. Plaintiff's counsel elicited the following testimony:

> *Q. Mr. Schwartz, what is the relationship between Nicole Brayden Gifts and Divinity Boutique?*
> *A. Divinity Boutique is a brand under Nicole Brayden.*
> *Q. They are both limited liability corporations; correct?*

> *A. I never closed the corporation, but it doesn't file tax returns, it's not operating, it's not in business.*

[Tr. 74:15–20].

As for the mere fact that Divinity Boutique, LLC "continues to exist as a viable corporate entity," [Doc. 41, p.27 n.10], mere existence would be relevant to a claim of general personal jurisdiction, not specific personal jurisdiction. The same holds true of the fact that "Mr. Schwartz is the President of both Defendant Divinity Boutique LLC and Defendant Nicole Brayden Gifts LLC." [Doc. 41, p.27 n.10 (citing Tr. at 3)]. Mr. Schwartz's status as president of both companies does not give the Court specific personal jurisdiction over a non-operational company that has not sold any of the goods at issue in this case.

As shown on page 3 of the 2018 Nicole Brayden Gifts catalog, Nicole Brayden Gifts, LLC has four brands: "Divinity Boutique," "Monarch Inspirations," "Oak Patch Gifts," and "Jody Coyote." [Schwartz, ¶3; Doc. 53-3, p.3]. "Divinity Boutique" frequently is used as a fictitious name for Nicole Brayden Gifts, LLC, *i.e.*, Nicole Brayden Gifts, LLC d/b/a Divinity Boutique. [Id., ¶4].[2] Plaintiff concedes this fact, as it has amended the caption in its Amended Complaint to state that fact. [Doc. 53, p.1].

---

[2] This is no different than Plaintiff doing business under the name "Abbey Gift," as alleged at paragraph 34 of the Amended Complaint.

The reference to Kim Robinson as "Senior Product Designer Nicole Brayden Gifts & Divinity Boutique" reflects that she designs products for the brands "Nicole Brayden Gifts" and "Divinity Boutique." [Id. ¶5; see Doc. 24-2 at 7)]. It is not a reference to employment by Divinity Boutique, LLC, as the company has no employees or contractors. [Schwartz, ¶6].

As for domain names, Nicole Brayden Gifts, LLC uses <divinityboutique.com> for its corporate email, which email addresses are used throughout the Nicole Brayden Gifts catalog. [Id., ¶7; see Doc. 53-3 through 53-6, Exh. C to Amended Complaint]. As Mr. Schwartz testified, the corporate entity using that domain is Nicole Brayden Gifts, LLC:

> Q. Mr. Schwartz, you have been handed what's been marked as Exhibit 2 for identification. What is this document?
> A. This was an e-mail that I had sent to people within my company?
> Q. And that company would be Divinity Boutique, would it not?
> A. Nicole Brayden Gifts L.L.C.
> Q. Okay. Those people have a Divinity Boutique e-mail address, do they not?
> A. Yes. I have tried to explain, it's a brand under Nicole Brayden Gifts.

[Tr. 85:24–86:9]. Finally, Nicole Brayden Gifts, LLC owns and operates the website at the <divinityboutique.com> domain, which clearly states "© 2011 DIVINITY BOUTIQUE, A Nicole Brayden Company." [Schwartz, ¶8]. Defendant Divinity Boutique, LLC did not offer for sale or sell any of the goods at issue here.

In the Amended Complaint, Plaintiff also alleges, "[O]n further information and belief, Divinity Boutique leases, operates or otherwise maintains a showroom in the AmericasMart Atlanta under the corporate name 'Divinity Boutique,' at 230 Peachtree Street, Building 2, Showroom 1340, Atlanta, Georgia 30303." [Complaint, ¶9]. This allegation does not suffice to establish personal jurisdiction. *Diamond Crystal*, 593 F.3d at 1268 ("[I]t is settled that entering a contract with a citizen of another state, standing alone, does not automatically satisfy the minimum contacts test.") (citing *Burger King*, 471 U.S. at 478, 105 S.Ct. at 2185). Moreover, Plaintiff concedes two paragraphs later that it is Defendant Nicole Brayden Gifts that utilizes the "Divinity Boutique" showroom in the AmericasMart Atlanta. [Doc. 53, ¶11]. And as mentioned above, Plaintiff concedes that Defendant Nicole Brayden is the entity "doing business as" Divinity Boutique. [Doc. 53, p.1].

The Court should dismiss Defendant Divinity Boutique, LLC for lack of personal jurisdiction.

## II.     MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

*On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[ ] the benefit of reasonable factual inferences."* Wooten v. Quicken Loans, Inc.*, 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor, " 'unwarranted deductions of fact' are not admitted as true."* Aldana v. Del Monte Fresh Produce, N.A.*, 416 F.3d 1242, 1248 (11th Cir. 2005)*

*(quoting* S. Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n.10 (11th Cir. 1996)). Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. See* Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (construing* Ashcroft v. Iqbal*, 556 U.S. 662 (2009);* Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).*

> *"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "* Iqbal*, 556 U.S. at 678 (quoting* Twombly*, 550 U.S. at 570). Mere "labels and conclusions" are insufficient.* Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."* Iqbal*, 556 U.S. at 678 (citing* Twombly*, 550 U.S. at 556). This requires more than the "mere possibility of misconduct."* Am. Dental*, 605 F.3d at 1290 (quoting* Iqbal*, 556 U.S. at 679). The well-pled allegations must "nudge[ ] their claims across the line from conceivable to plausible."* Id. *at 1289 (quoting* Twombly*, 550 U.S. at 570).*

Neal v. Dekalb Cty., Georgia, No. 1:16-CV-184-WSD, 2016 WL 3476873, *2

(N.D. Ga. June 27, 2016). "A plaintiff may not open the door to discovery 'armed

with nothing more than [legal] conclusions.' " *Best of Everything of Sw. Florida,*

*Inc. v. Simply the Best, LLC*, 2011 WL 4634147, at *1 (M.D. Fla. Oct. 6, 2011)

(quoting *Iqbal*, 129 S.Ct. at 1950).

## A.   Plaintiff Fails Plausibly to Allege a Trade Dress Upon Which Any Claim May Be Asserted

In Counts II and VI, Plaintiff alleges that Defendants have infringed its trade

dress in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). [Doc.

53, ¶¶69–74 and ¶¶93–97]. In fact, Count VI appears to be duplicative of Count II. Neither count states a claim for relief on the basis of any alleged trade dress.

"The term 'trade dress' refers to the appearance of a product when that appearance is used to identify the producer." *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 702 F.3d 1312, 1321–22 (11th Cir. 2012) (quoting *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1202 (11th Cir. 2004)). "To succeed on a claim for trade dress infringement under Section 43(a), 'a plaintiff must prove that (1) the defendant's product is confusingly similar to its product; (2) the similar features of the two products are primarily non-functional; and (3) the plaintiff's product is distinctive." *Modtruss, Inc. v. Battlefrog, LLC*, No. 1:16-CV-1317-ELR, 2017 WL 4865458, at *4 (N.D. Ga. Mar. 27, 2017) (quoting *Miller's Ale House, Inc.*, 702 F.3d at 1322). "All three elements are necessary for a finding of trade dress infringement." *Modtruss*, 2017 WL 4865458 at *4 (citing *Dippin' Dots, Inc.*, 369 F.3d at 1202).

Conclusory trade-dress claims are dismissible where they "do not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Modtruss*, 2017 WL 4865458 at *4 (citing *Knights Armament Co. v. Optical Sys. Tech., Inc.*, 568 F. Supp. 2d 1369, 1376–77 (M.D. Fla. 2008) (trade dress described as "distinctive material finish, shape, and exterior design" was

conclusory and lacking in facts to state a claim to relief for trade-dress

infringement)). In *Modtruss*, the plaintiff claimed that its trade dress "includes the

overall appearance, shape, color, and cut out patterns of its products." 2017 WL

4865458 at *4. This Court dismissed the claim for failure to state a claim.

Similarly, the court in *Best of Everything of Sw. Florida, Inc. v. Simply the

Best* dismissed a claim of infringement where the trade dress was described thusly:

> *Plaintiff's Trade Dress includes, but is not limited to the commercial
> impression, and overall look and feel of Plaintiff's stores, the unique
> and highly distinctive combination of separate aspects of the same,
> the presentation of Plaintiff's goods and the placement of its trade
> dress in such a manner which creates a remarkably memorable and
> commercially pleasing shopping experience for Plaintiff's customers,
> its prospective customers and the consuming public.*

2011 WL 4634147, at *2 (M.D. Fla. Oct. 6, 2011) (finding plaintiff's description

"of its own trade dress is long on vague descriptions and short on facts"). The court

dismissed the claim because the "conclusory allegations and few, if any, facts"

rendered the claim "vague and deprives Defendants of fair notice." *Id.*

### 1. Plaintiff must identify all elements of its alleged trade dress.

A trade-dress claimant "must identify all elements of its alleged trade dress,

not just some… ." *Hubbell Indus. Controls, Inc. v. Electro Power Sys. of Utah,

Inc.*, 2013 WL 5676916, *4 (N.D. Ill. Oct. 17, 2013) (striking the phrase "include,

but not limited to" from an interrogatory response describing the trade dress).

"Rather, the discrete elements which make up that combination must be separated out and clearly identified in a list." 1 *McCarthy* § 8:3 (emphasis added; citing *Yellowfin Yachts, Inc. v. Barker Boatworks, LLC*, 237 F. Supp. 3d 1230, 1235, 121 U.S.P.Q.2d 1710 (M.D. Fla. 2017) ("A plaintiff's inability to identify and describe a distinctive, aesthetic feature exposes a trade-dress claim too vague to succeed…"); other citations omitted). As the Second Circuit observed,

> [F]ocus on the overall look of a product does not permit a plaintiff to dispense with an articulation of the specific elements which comprise its distinct dress. Without such a precise expression of the character and scope of the claimed trade dress, litigation will be difficult, as courts will be unable to evaluate how unique and unexpected the design elements are in the relevant market. Courts will also be unable to shape narrowly-tailored relief if they do not know what distinctive combination of ingredients deserves protection. Moreover, a plaintiff's inability to explain to a court exactly which aspects of its product design(s) merit protection may indicate that its claim is pitched at an improper level of generality, i.e.*, **the claimant seeks protection for an unprotectable style, theme or idea**.*"

*Landscape Forms Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir. 1997) (emphasis added). Failing to define the trade dress "leaves the defendant uncertain as to what to do to avoid a charge of contempt and creates dangers of anti-competitive overprotection." 1 *McCarthy* § 8:3. The Court would not permit a trademark claim to proceed where a plaintiff identified some, but not all, of the words comprising the trademark. It should not permit a trade dress claimant to proceed without disclosing the precise components that comprise a trade dress.

In its original Complaint, Plaintiff initially described the trade dress as "includ[ing] a stylized presentation of the mark AMAZING WOMAN displayed against a background of soothing distinctive colors, initially featuring a soft green-and-blue color scheme." [Doc. 1, ¶19]. Plaintiff then changed the definition from "soothing distinctive colors" to "soft background colors" and added "text that espouses traditional feminine values and attributes, and other design characteristics of the traditional Abbey Press products." [Id., ¶55]. In a later brief, discarding color, "feminine values and attributes," and "other" characteristics, Plaintiff claims instead "a similarly stylized AMAZING WOMAN trademark and a similar 'Recipe for an Amazing Woman' poem". [Doc. 18-1, p.1; p.6 ("While other elements of the asserted trade dress may be disputed, these two are beyond legitimate argument. Cathedral Art thus focuses largely on these two elements."); Doc. 13-1, p.2 (proposed order to enjoin the sale of goods "including products that bear the word mark "AMAZING WOMAN" and products that bear a Recipe Poem, namely – "Recipe for an Amazing Woman" in conjunction with a stylized presentation of the AMAZING WOMAN trademark.")].

Now, Plaintiff concedes that it failed to identify in the Complaint the discrete elements of its trade dress, as it amends the complaint to provide a new, lengthier definition. [Doc. 53, ¶20]. However, the new definition explicitly lays

claim to an unprotectable "theme," using that word no fewer than three times:

> *These elements were used in conjunction with a flora and fauna* **theme** *with artistic elements from nature such as trees, leaves, florals, and butterflies. The* **theme** *was continued by use of a nature motif or theme that uses varying shades of blue, earthy greens and touches of oranges and reds. These elements were used, both individually and collectively, to ensure that the products offered under the AMAZING WOMAN trade dress evoked a unique feminine* **theme** *and feel.*

[Doc. 53, ¶20 (emphases added)]. Thus, not only does Plaintiff still fail to set out a discrete list of all of the elements of the trade dress, Plaintiffs explicitly concede that they "seek[] protection for an unprotectable style, **theme** or idea." *Landscape Forms*, 113 F.3d at 381 (emphasis added).

The Court should dismiss Counts II and VI for failure to define all of the discrete elements of the alleged trade dress and for attempting to claim a "theme."

### 2. Plaintiff has failed to allege a "consistent look" for its trade dress.

"Plaintiff is not seeking to protect a single product configuration, however. It is attempting to assert trade dress protection for a family of related products." *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1255 (M.D. Fla. 2012), *aff'd in part*, 505 F. App'x 928 (11th Cir. 2013). While the Eleventh Circuit has not addressed this issue, "[o]ther circuit courts have held that a 'trade dress plaintiff seeking to protect a series or line of products faces a **particularly difficult challenge**, as it must show that the appearance of the several

products is 'sufficiently distinct and unique to merit protection.' " *Id.* (emphasis added; quoting *Yankee Candle Co. v. Bridgewater Candle Co.*, 259 F.3d 25, 42 (1st Cir. 2001)). "[T]rade dress claims across a line of products present special concerns in their ability to artificially limit competition, as such claims are generally broader in scope than claims relating to an individual item." *Mobile Shelter*, 845 F. Supp. 2d at 1255 (quoting *Yankee Candle*, 259 F.3d at 42). "In these circumstances, the Third Circuit requires the proponent of a trade dress claim to show, at the outset, that its products have a 'consistent look.' " *Mobile Shelter*, 845 F. Supp. 2d at 1255 (citing *Rose Art Indus., Inc. v. Swanson*, 235 F.3d 165, 172–73 (3rd Cir. 2000) (requiring a "recognizable and consistent overall look")).

Here, Plaintiff pleads itself out of court as to the trade-dress claim by alleging that the design "**initially** featur[ed] a soft green-and-blue color scheme… ." [Doc. 53, ¶20 (emphasis added)]. By claiming an "initial" design, Plaintiff admits that its design has changed and, thus, has not been consistent. Plaintiff further alleges that it "continues to use **key elements** of the AMAZING WOMAN trade dress." [Doc. 53, ¶31 (emphasis added)]. In other words, Plaintiff does not allege that it continues to use *all* of the elements that allegedly comprised the putative trade, just "key" elements.

As shown in Exhibit A to the Complaint, Plaintiff uses at least three styles of

script for the words "Amazing Woman," with each product having different

graphics and color schemes that vary from greens and blues, to reds, to white:









[Doc. 53-1, Exh. A to Complaint, pp.12–14]. Plaintiff's own exhibits do not

demonstrate the existence of a consistent trade dress across a line of products.

Counts II and VI should be dismissed for failure to allege a consistent trade dress.

### 3. Plaintiff fails to allege facts that show its trade dress is non-functional.

" '[I]n general terms, a product feature is functional,' and cannot serve as a trademark, 'if it is essential to the use or purpose of the article or if it affects the cost or quality of the article,' that is, if exclusive use of the feature would put competitors at a significant non-reputation-related disadvantage." *Qualitex Co. v. Jacobson Prod. Co.*, 514 U.S. 159, 165, 115 S. Ct. 1300, 1304, 131 L. Ed. 2d 248 (1995) (quoting *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 850, n. 10, 102 S.Ct. 2182, 2186, n. 10, 72 L.Ed.2d 606 (1982)); see also *Dippin' Dots*, 369 F.3d at 1203 (articulating "competitive necessity" and "affecting cost or quality" inquiries as two separate tests). "Thus, when the benefit of a design lies solely in its aesthetic appeal to consumers, it is functional and therefore a legitimate object of imitation." *Schiappa v. CharityUSA.com, LLC*, 2017 WL 2210274, *7 (S.D. Fla. May 18, 2017) (citing *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1262 (9th Cir. 2001).

Here, Plaintiff alleges only that its alleged trade dress "continues to be non-functional," [Doc. 53, ¶32], without alleging any plausible facts to suggest that the benefit of the design lies other than "solely in its aesthetic appeal to consumers."

*Schiappa*, 2017 WL 2210274 at *7. To the contrary, Plaintiff describes the alleged trade dress as "soothing" and having an "overall feminine feel." [Doc. 53, ¶20]. These allegations demonstrate that consumers purchase Plaintiff's goods because the designs are aesthetically appealing, not because they are source-identifying.

The Court should dismiss Counts II and VI for failure to allege a non-functional trade dress.

## B.    Plaintiff Fails Plausibly to Allege a Federal Unfair Competition Claim

As to Count II, Plaintiff alleges a claim for unfair competition pursuant to the Lanham Act, 15 U.S.C. § 1125(a). The Lanham Act prohibits "false designation of origin." Id. However, this language "has been construed by the courts as creating a federal action for 'passing off' which occurs 'when a producer misrepresents his own goods or services as someone else's.' " *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1248 (11th Cir. 2007) (quoting *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 27 n.1 (2003)). "The use of the word 'origin' refers to a false or misleading suggestion as to 'the producer of the tangible goods that are offered for sale.' " *Optimum Techs.*, 496 F.3d at 1248 (quoting *Dastar*, 539 U.S. at 37). "Accordingly, Plaintiff must plead facts to support 'a showing that the defendant falsely represented that the plaintiff was the 'source' of the goods when it was not.' " *Duer v. Bensussen*

*Deutsch & Assocs., Inc.*, No. 1:14-CV-01589-ELR, 2015 WL 11256568, at *5

(N.D. Ga. July 8, 2015) (quoting *Optimum Techs.*, 496 F.3d at 1248).

In *Duer*, the plaintiff failed to allege that defendants were not the "physical, actual 'origin' of the products it sold." *Id.* "The Complaint alleges Defendants 'copied' the trade dress, trademark, and instruction sheets, but Plaintiff does not allege that she is the actual source of the physical goods distributed by BDA." *Id.* (citation omitted). "Such allegation is necessary for an unfair competition claim under the Lanham Act." *Id.* (dismissing claim for federal unfair competition).

Here, Plaintiff's "federal unfair competition" claim continues to suffer from the same defect. Plaintiff does not allege that Defendants "falsely represented that the plaintiff was the 'source' of the goods when it was not.' " *Duer*, 2015 WL 11256568 at *5. Rather, Plaintiff merely alleges that "[Defendants'] unauthorized use of the 'AMAZING WOMAN' mark" constitutes trademark and trade dress infringement and unfair competition under the Lanham Act. [Doc. 53, ¶71]. The Court should dismiss Count II for failure to state a claim.

### III.   CONCLUSION

For the foregoing reasons, the Court should dismiss Defendant Divinity Boutique, LLC for lack of personal jurisdiction. The Court should dismiss Counts II and VI for failure to state a claim upon which relief may be granted.

Pursuant to LR 7.1(D), NDGa, the undersigned hereby certifies that the foregoing brief was prepared in 14-point Times New Roman font, which is one of the font and point selections approved by the Court in LR 5.1B.

Dated: March 1, 2018

**s/ Charles M. Landrum III**

Attorney Bar Number: 312056
CHARLES M. LANDRUM III, P.C.
599 West Crossville Road Suite 111
Roswell, Georgia 30075-2531
Tel.:     (833) 993-3363
Email:   Charles@CharlesLandrum.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2018 I electronically filed the foregoing *Brief in Support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Stephen M. Schaetzel
Walter Hill Levie III
Tom Noel

**s/ Charles M. Landrum III**
Georgia Bar No. 312056
Attorney for Defendants