UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CATHEDRAL ART METAL CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> DIVINITY BOUTIQUE, LLC, *et al.* <br><br> Defendants. | Civil Action No. 1:18-cv-00141-WSD |

# EXHIBIT A:
# DEFENDANTS' ANSWERS TO INTERROGATORIES

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CATHEDRAL ART METAL CO., INC., ) ) ) Plaintiff, ) ) v. ) ) DIVINITY BOUTIQUE, LLC, *et al.* ) ) Defendants. ) ) | Civil Action No. 1:18-cv-00141-WSD |

**DEFENDANTS' OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Court's January 12 and 19, 2018 Orders, Defendants Divinity Boutique, LLC ("Divinity Boutique") and Nicole Brayden Gifts, LLC ("Nicole Brayden") serve their objections and answers to the first interrogatories served by Plaintiff Cathedral Art Metal Co., Inc.

As Plaintiff's interrogatories to Defendant Divinity Boutique and Defendant Nicole Brayden effectively are identical, Defendants jointly object and answer, noting any differences in their responses to individual interrogatories as necessary. Defendants have disregarded Plaintiff's "Definitions" and "Instructions" to the extent that they conflict with or purport to impose obligations other than those set forth in the Federal Rules of Civil Procedure.

1

## I. INTERROGATORIES

Pursuant to Rule 33, Defendants respond to Plaintiff's first interrogatories.

**INTERROGATORY NO. 1**     Identify, by name and item number, each and every product that [Divinity Boutique / Nicole Brayden] markets or has marketed, and/or sells or has sold, that bears the words "Amazing Woman," a poem that includes the words "Amazing Woman," and/or is a part of Divinity Boutique's or Nicole Brayden Gifts' [sic] "Amazing Woman Collection."

**OBJECTIONS:**     No objections.

**ANSWER:**    Pursuant to Rule 33(d), Defendant Nicole Brayden will produce a copy of documents from which the answer may be determined. Defendant Divinity Boutique identifies none.

**INTERROGATORY NO. 2**     For each product identified in Your Response to Interrogatory No. 1, state the amount ordered (including any "pre-orders") and/or sold, in units and in U.S. dollars.

**OBJECTIONS:**     No objections.

**ANSWER:**    Pursuant to Rule 33(d), Defendant Nicole Brayden will produce a copy of documents from which the answer may be determined. Defendant Divinity Boutique states none.

**INTERROGATORY NO. 3**     For each product identified in Your Response to Interrogatory No. 1, identify all purchasers or parties placing an order for such products by name, address, and contact information.

**OBJECTIONS:**     Defendants object to the request as not relevant to any party's claim or defense, much less to "the issues surrounding Plaintiff's Motion for Preliminary Injunction." [Doc. 17, Discovery Plan, p.1]. Defendants further object to the request as overly burdensome, as the identity of Defendants' customers is a trade secret and no protective order

has been issued in this case. Defendants further respond that the request is overly burdensome because Defendants believe that Plaintiff intends to use the information to intimidate, harass, or discourage Defendants' customers from doing business with Defendants or buying Defendants' products.

**INTERROGATORY NO. 4**   For each product identified in Your Response to Interrogatory No. 1, describe the development of such product and of the appearance of such product, and identify all documents relating or referring thereto.

**OBJECTIONS:**   No objections.

**ANSWER:**   In 2016, Defendant Nicole Brayden became aware that Abbey Press was discontinuing many of its products. Defendant Nicole Brayden sought to create a product line that would compete with—but not infringe upon any putative copyrights of—Abbey Press. On January 4, 2017, Greg Tate of Abbey Press wrote in an email to Keith Schwartz, "We were told that you are developing your own line of 'Amazing Woman' products. If so, we would caution you to make sure you are not using any text or art that infringes upon our copyrights."

To avoid any unfounded allegations of copyright infringement, Defendant Nicole Brayden chose generic product types that have been generally available for years, with the exception of the mixing bowl which was based on an antique design. Defendant Nicole Brayden designed new artwork and drafted new, non-copyright-infringing text to apply to its products.

Defendant Divinity Boutique describes none.

**INTERROGATORY NO. 5**       Describe any and each instance of confusion by any party between you and/or any product identified in Your Response to Interrogatory No. 1 on the one hand, and Cathedral Art or Abbey Press and/or any of their products on the other hand, including any questions regarding the source or origin of each product identified in Your Response to Interrogatory No. 1.

**OBJECTIONS:**       Defendants object to the request as overbroad and not relevant to any party's claim or defense to the extent that it seeks instances of alleged confusion between "you" and "Cathedral Art or Abbey Press and/or any of their products on the other hand." As the Court noted in the January 12, 2018 hearing, so-called "September level" confusion, if any, between Defendants and Plaintiff is not "credible" evidence to support Plaintiff's claims. [Tr. 41:4–25].

Defendants further object to the request as overbroad and not relevant to any party's claim or defense to the extent that it seeks instances of alleged confusion between "you" and "any [Cathedral Art or Abbey Press] products on the other hand." Such discovery would be relevant only to a claim of reverse confusion, "wherein the infringer's use of plaintiff's mark results in confusion as to the origin of plaintiff's product." *Capital Films Corp. v. Charles Fries Prods., Inc.*, 628 F.2d 387, 393 (5th Cir. 1980) (quoting *Big O Tire Dealers, Inc. v. Goodyear Tire & Rubber Co.*, 408 F. Supp. 1219, 189 U.S.P.Q. 17 (D. Colo. 1976), *aff'd and award modified*, 561 F.2d 1365, 195 U.S.P.Q. 417 (10th Cir. 1977), *cert. dismissed*, 434 U.S. 1052, 54 L. Ed. 2d 805, 98 S. Ct. 905 (1978); see also 4 *McCarthy on Trademarks and Unfair Competition* § 23:10 (5th ed.) ("In 'reverse confusion,' customers purchase the senior user's goods under the mistaken impression that they are getting the goods of the junior user. That is, reverse confusion occurs when the junior user's advertising and promotion so swamps the senior

4

user's reputation in the market that customers are likely to be confused into thinking that the senior user's goods are those of the junior user: the reverse of traditional confusion.").

**ANSWER:** As to whether instances of alleged confusion between "any product identified in Your Response to Interrogatory No. 1 on the one hand, and Cathedral Art or Abbey Press," Defendants respond that they are aware of none.

## VERIFICATION

I, _____Keith Schwartz_____, declare under penalty of perjury that the foregoing answers are true to the best of my knowledge, information and belief.

Date: __1/22/2018__   Signed: _____

Dated: January 22, 2018

Signing as to objections:

**s/ Charles M. Landrum III**
Attorney Bar Number: 312056
CHARLES M. LANDRUM III, P.C.
599 West Crossville Road Suite 111
Roswell, Georgia 30075-2531
Tel.:   (833) 993-3363
Email:  Charles@CharlesLandrum.com

*Attorney for Defendants*

5

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2018 I served the foregoing *Defendants' Objections and Answers to Plaintiff's First Interrogatories* via email by agreement of counsel on the following attorneys of record:

Stephen M. Schaetzel
Walter Hill Levie III
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street N.E., Suite 1300
Atlanta, Georgia 30309
sschaetzel@mcciplaw.com
tlevie@mcciplaw.com

Thomas R. Noel
NOEL LAW
203 South Main Street, Suite 2
Providence, Rhode Island 02903
tnoel@lawnoel.com

*Counsel for Plaintiff*

                                         **s/ Charles M. Landrum III**
                                         Georgia Bar No. 312056
                                         Attorney for Defendants