UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CATHEDRAL ART METAL CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> DIVINITY BOUTIQUE, LLC, *et al.* <br><br> Defendants. | Civil Action No. 1:18-cv-00141-WSD |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, TO STAY THE PRELIMINARY INJUNCTION PENDING APPEAL**

Plaintiff does not contest that irreparable harm is the " '*sine qua non* of injunctive relief.' " *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (*en banc*) (citation omitted). Plaintiff does not contest that it is required to make a showing of—and cannot rely on a presumption of—irreparable harm. The only dispute is whether the Court improperly afforded Plaintiff such a presumption and, even if so, whether Defendants rebutted that presumption.

Plaintiff offered no citations to any evidence supporting its claim of irreparable harm in its motion for preliminary injunction, [Doc. 18-1, pp.22–23], or in its reply. [Doc. 33-1]. Plaintiff called no witnesses at the hearing. [Transcript 5:13–19]. Even in Plaintiff's closing statement, it offered no evidence of

1

irreparable harm, expressly asked the Court to grant it a presumption of irreparable harm, and merely stated that "Cathedral Art has lost quality control over goods that bear the mark and trade dress, there is a risk of reputational loss, and Defendants' ongoing acts have a tendency to deceive." [Doc. 35-1, pp.3–5].

Yet now, Plaintiff acts as if it never even asked the Court to grant it such a presumption. [Doc. 57, p.6]. Plaintiff cites Mr. Schwartz's testimony that Defendant Nicole Brayden intended to fill "a hole in the market" and argues that "[t]here was no such hole." [Id., p.8]. This testimony does not establish harm. Plaintiff offers the *ipse dixit* of counsel that "Cathedral Art's resultant associated loss of trade, customers, goodwill and reputation constituted irreparable harm… ." [Id.] Yet Plaintiff proffers no evidence that there is any "loss of trade, customers, goodwill [or] reputation". Indeed, Mr. Tracey could not identify any lost sales and only could speculate as to the harm to his company. [Transcript 49:1–51:6].

The Court's Order likewise cites no evidence of irreparable harm:

> *Failure to grant a preliminary injunction would subject Cathedral Art to a loss in trade and customers and a loss of control over its AMAZING WOMAN product line while risking the substantial goodwill Abbey Press developed in its "Amazing Woman" products in the industry over the last decade.*

[Doc. 41, p.25]. This is improper.

"The practical effect of the district court's conclusions, which included no factual findings, is to reinsert the now-rejected presumption of irreparable harm

2

based solely on a strong case of trademark infringement." *Herb Reed Enterprises, LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1250–51 (9th Cir. 2013). "This approach collapses the likelihood of success and the irreparable harm factors. Those seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm." *Id.*, 736 F.3d at 1251. Here, Plaintiff proffered no evidence of irreparable harm and the Court identified none.

Plaintiff argues that *Express Franchise Servs., L.P. v. Impact Outsourcing Sols., Inc.* "found that irreparable harm existed independent of any presumption and entered a preliminary injunction." [Doc. 57, p.9 (citing 244 F. Supp. 3d 1368, 1373 (N.D. Ga. 2017)]. Plaintiff then contends, "That is essentially what happened in this case." [Id.]. While Plaintiff is correct that an injunction issued in *Express Franchise*, that is not "essentially what happened" here.

In *Express Franchise*, a franchisee contracted to use the franchisor's trademarks in conjunction with its business and no other. 244 F. Supp. 3d at 1373. The Court found that the franchisee improperly used the franchisor's trademarks in conjunction with multiple unrelated businesses in violation of the franchise agreement. *Id.* It was on the basis of these facts that the court found "a **substantial** threat of customer confusion and the resulting harm to the plaintiff's reputation and goodwill." 244 F. Supp. 3d at 1384 (emphasis added; citing *FerrellGas Partners, L.P. v. Barrow*, 143 Fed. App'x. 180, 190 (11th Cir. 2005); other citation omitted).

3

Here, the Court makes no finding that there is a "substantial" threat of customer confusion, an especially tenuous contention in light of Plaintiff's president conceding that the consumers are professional buyers. [Transcript 48:5–25]. Still further, the Court's Order ignored the unequivocal testimony of Plaintiff's president that there was no evidence of confusion or harm. [Transcript 50:18–51:6]. Even if the Court were inclined to find that there was a threat, the testimony of Plaintiff's own president fatally undermines that contention.

"A district court has discretion to revise or reconsider interlocutory orders at any time before final judgment has been entered." *Nat'l Cas. Co. v. Georgia Sch. Boards Ass'n-Risk Mgmt. Fund*, No. 1:16-CV-691-WSD, 2018 WL 525708, *3 (N.D. Ga. Jan. 24, 2018) (citations omitted). The Court should do so here, find that Plaintiff failed to make the required showing of irreparable harm, and lift the preliminary injunction.

## I.   IN THE ALTERNATIVE, THE COURT SHOULD STAY THE INJUNCTION PENDING APPEAL

In the alternative, Defendants have demonstrated the four factors required for staying the injunction pending appeal. As set forth above, there is a strong likelihood of success on the merits of Defendants' pending appeal.

As for the harm to Defendants, it is particularly telling that Plaintiff offers no response or explanation for its improper conduct in contacting Defendants' business relations and making false claims about "protect[ing] its trademark **and**

**copyright rights**… ." [Exh. A, Letter from Plaintiff's Counsel, p.2 (emphasis added)]. Plaintiff makes no response regarding its implied threats of litigation against IntegriTeam, demanding that it "safeguard and preserve" evidence and that Plaintiff "reserves all rights with respect to this matter." [Id.] Plaintiff does not contest that it is seeking to use the Court's injunction order to irreparably harm Defendant Nicole Brayden's business relationships. Contrary to Plaintiff's mere speculation of irreparable harm, Defendants have proffered specific, unrebutted evidence of harm from allowing Plaintiff to abuse the Court's injunction order.

Finally, there is no harm to Plaintiff or to the public interest because there is no evidence of confusion. Indeed, Plaintiff's president could not identify any. Thus, granting of the stay would not substantially harm Plaintiff or harm the public interest. Accordingly, the Court should stay the injunction pending appeal.

## II.   CONCLUSION

For the foregoing reasons and those set forth in Defendants' motion and brief in support, the Court should reconsider its January 26, 2018 Order and lift the preliminary injunction or, in the alternative, stay the injunction pending appeal.

Pursuant to LR 7.1(D), NDGa, the undersigned hereby certifies that the foregoing brief was prepared in 14-point Times New Roman font, which is one of the font and point selections approved by the Court in LR 5.1B.

Dated: March 8, 2018

                                              **s/ Charles M. Landrum III**
                                              Attorney Bar Number: 312056
                                              CHARLES M. LANDRUM III, P.C.
                                              599 West Crossville Road Suite 111
                                              Roswell, Georgia 30075-2531
                                              Tel.:    (833) 993-3363
                                              Email:  Charles@CharlesLandrum.com

                                              *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2018 I electronically filed the foregoing *Reply in Support of Defendants' Motion for Reconsideration or, in the Alternative, to Stay the Preliminary Injunction Pending Appeal* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Stephen M. Schaetzel
Walter Hill Levie III
Tom Noel

**s/ Charles M. Landrum III**
Georgia Bar No. 312056
Attorney for Defendants