**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

CATHEDRAL ART METAL CO.,

    Plaintiff,

v.                                       1:18-cv-141-WSD

DIVINITY BOUTIQUE, LLC and
NICOLE BRAYDEN GIFTS, LLC,

    Defendants.

**OPINION AND ORDER**

This matter is before the Court on Defendants Divinity Boutique, LLC, and Nicole Brayden Gifts, LLC's (collectively, "Defendants") Motion for Reconsideration or, in the Alternative, to Stay the Preliminary Injunction Pending Appeal [48] ("Defendants' Motion"). Also before the Court is Plaintiff Cathedral Art Metal Co.'s ("Plaintiff" or "Cathedral Art") Motion to Stay the Deadline for Filing Any Motion for Attorneys' Fees [49] ("Plaintiff's Motion").

## I.    BACKGROUND

On January 10, 2018, Plaintiff filed a Complaint [1] and a Motion for Temporary Restraining Order [2] ("TRO Motion") seeking to preclude Defendants

from "selling goods bearing Plaintiff's AMAZING WOMAN trademark and/or associated trade dress." ([2] at 1). On January 12, 2018, the Court conducted a hearing on the TRO Motion, during which all parties were represented by counsel. ([26] (Transcript)). On January 12, 2018, the Court issued an order denying Plaintiff's TRO Motion, finding that Plaintiff had then failed to demonstrate a substantial likelihood of succeeding on their trademark or trade dress claims. The Court set an accelerated schedule for filing and briefing of Plaintiff's motion for preliminary injunction. ([11]).

Plaintiff filed a Motion for Preliminary Injunction [13] on January 16, 2018, providing additional evidence supporting its trademark and trade dress claims. Defendants filed a Response in Opposition to the Motion [23] and Plaintiff filed a Reply [27]. On January 24, 2018, the Court conducted a hearing on the Motion. ([31], [34] (Transcript)). During the hearing, Leo A. Tracey, President of Plaintiff Cathedral Art, and Keith Schwartz, Managing Member of Defendant Nicole Brayden Gifts, LLC ("Nicole Brayden"), testified. ([23-4] at ¶2, [14-2] at ¶1). The Court allowed the parties to submit post-hearing written memoranda. ([35-1], [37]).

On January 26, 2018, the Court granted Plaintiff's motion for a preliminary injunction. ([41]). The Court found that Cathedral Art had established the four

elements necessary to preliminarily enjoin Defendants' use of the AMAZING WOMAN mark. The Court preliminarily enjoined Defendants from selling products bearing Plaintiff's AMAZING WOMAN trademark, including products that bear the word mark "AMAZING WOMAN" and products that bear a poem entitled "Recipe for an Amazing Woman." ([41] at 28). The Court also required Plaintiff to post an injunction bond with the Clerk of Court in the amount of $50,000.00. (Id.).

On February 8, 2018, Defendants filed a motion for reconsideration of the Court's preliminary injunction order. ([48]). Defendants argue that the Court erred in finding that Plaintiff would be irreparably harmed absent a preliminary injunction. ([48.1] at 1-5). Defendants move in the alternative that the Court stay the preliminary injunction pending appeal pursuant to Fed. R. Civ. P. 62(c). ([48.1] at 5-9).

Plaintiff opposes Defendants' motion for reconsideration. ([57]). Plaintiff also moves to stay the deadline for filing any motion for attorneys' fees. ([49]).

## II. DISCUSSION

### A. Defendants' Motion for Reconsideration

A district court has discretion to revise or reconsider interlocutory orders at any time before final judgment has been entered. See Fed. R. Civ. P. 54(b); see

also Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1315 (11th Cir. 2000).  The Court does not reconsider its orders as a matter of routine practice.  See LR 7.2 E, ND. Ga.  "[M]otions for reconsideration may not be used to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind."  Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003).  A motion for reconsideration is generally appropriate only where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.  See Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999); Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).  None of those three situations exists here.

Defendants move for reconsideration of the preliminary injunction order arguing that the Court erroneously "found that Plaintiff was entitled to a presumption of irreparable harm."  ([48.1 at 2).  As the Court noted, preliminary injunctive relief is a drastic and extraordinary remedy which should not be granted unless the movant can clearly establish each of the four elements necessary for relief, including that Plaintiff will suffer irreparable injury if the relief is not granted.  ([41] at 12-13, citing Four Seasons Hotels and Resorts, B.V. v. Consorcio

Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003)).

Rather than apply a presumption of irreparable harm, the Court concluded that Plaintiff would, in fact, be irreparably harmed absent a preliminary injunction:

> Failure to grant a preliminary injunction would subject Cathedral Art to a loss in trade and customers and a loss of control over its AMAZING WOMAN product line while risking the substantial goodwill Abbey Press developed in its "Amazing Woman" products in the industry over the last decade. "[G]rounds for irreparable injury include loss of control of reputation, loss of trade, and loss of goodwill. Irreparable injury can also be based upon the possibility of confusion." Ferrellgas Partners, L.P. v. Barrow, 143 F. App'x 180, 190 (11th Cir. 2005). Plaintiff has demonstrated irreparable harm absent an injunction.

([41] at 25).

The Court made specific factual findings supporting that conclusion. The Court found that "Plaintiff has shown a substantial likelihood of consumer confusion" based on Defendants (1) use of an identical mark on goods it is selling; (2) use of the same trade channels as Plaintiff; and (3) use of similar annual catalogs. ([41] at 20). The Court also found that Defendants deliberately sought to usurp Plaintiff's goodwill in the AMAZING WOMAN mark: "Defendants had access to Abbey Press products and purposely sought to develop a 'replacement' line to fill a hole that Defendants' anticipated would open upon Abbey Press's withdrawal from the market." (Id. at 20). The Court further found that "the evidence shows that Defendants developed and launched their line of products with

5

an intent to capitalize on the goodwill of Abbey Press's 'Amazing Woman' products." (Id. at 21). The Court also found that Defendants had already succeeded in capitalizing on Plaintiff's goodwill, noting that "at least one buyer at the Atlanta Gift Mart was confused by the appearance of 'Amazing Woman' products in Defendants' showroom and in Cathedral Art's showroom." (Id. at 24).[1] Defendants deliberate copying of the AMAZING WOMAN mark across an entire line of products nearly identical to Plaintiff's products to exploit a non-existent "hole in the market" at a particularly vulnerable moment (i.e. the transition of the mark from Abbey Press to Cathedral Art) constitutes overwhelming evidence that Plaintiff will suffer irreparable harm absent a preliminary injunction.[2]

---

[1] Defendants repeat their argument that Plaintiff's president, Leo Tracey, "admitted that Plaintiff has no specific evidence of any harm." See ([37 at 1-2; [48.1] at 3). They argue that "[t]he Court committed a clear error of law by concluding that Plaintiff still was entitled to a presumption of irreparable harm even after Plaintiff's president testified that there was no specific evidence of harm." ([48.1 at 3). But, as explained, the Court did not rely on a presumption of irreparable harm and Mr. Tracey's statement concerning "specific evidence" early in these proceedings does not undermine the considerable evidence that Plaintiff would suffer irreparable injury absent an injunction.

[2] Having found that Plaintiff sufficiently demonstrated that it would, in fact, suffer irreparable harm absent a preliminary injunction, and reiterated that finding here, the Court need not address Defendants' repeated argument that a presumption of irreparable harm in trademark cases no longer exists in the Eleventh Circuit after eBay Inc. v. MercExchange, LLC, 547 U.S. 388 (2006).

The Defendants do not cite any newly discovered evidence or an intervening development or change in controlling law and they failed to demonstrate the need to correct a clear error of law or fact. The Defendants' motion for reconsideration is denied.

> B. <u>Defendants' Motion to Stay the Preliminary Injunction Pending Appeal</u>

"A stay of enforcement and proceedings is appropriate when the movant can show that: (1) there is a likelihood of success on the merits; (2) an irreparable injury will occur if the stay is not granted; (3) the granting of the stay would not substantially harm the other parties; and (4) granting of the stay will not harm the public interest." <u>Schlotzsky's Franchise LLC v. Lorilar Enterprises, Inc.</u>, No. 1:16-CV-04308-RWS, 2017 WL 4935888, at *2 (N.D. Ga. June 29, 2017), citing <u>In re Grand Jury Proceedings</u>, 689 F.2d 1351, 1353 (11th Cir. 1982). The movant bears a "heavy burden" and "must establish *each* of these four elements in order to prevail." <u>Id.</u>, citing <u>Larios v. Cox</u>, 305 F. Supp. 2d 1335, 1336 (N.D. Ga. 2004); <u>see also</u> <u>Nken v. Holder</u>, 556 U.S. 418, 433–34 (2009) ("The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.").

Although the first factor is the most important, "the movant may also have his motion granted upon a lesser showing of a substantial case on the merits when

the balance of the equities identified in factors 2, 3, and 4 weighs heavily in favor of granting the stay." Schlotzsky's, 2017 WL 4935888 at *2, citing Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986) (internal quotations and alterations omitted). However, "[t]he more the balance of equities (represented by the other three factors) tilts in respondent's favor, the greater the movant's burden to show a likelihood of success." Larios, 305 F. Supp. 2d at 1337.

Here, Defendants have failed to establish any of the requirements for obtaining a stay, much less all four. Defendants have not shown a likelihood of success on the merits on appeal. The Court has already rejected Defendants' arguments in granting a preliminary injunction based on Plaintiff's trademark claim and denying Defendants' motion for reconsideration. Defendants do not offer any new evidence that would alter the Court's analysis of the merits of Plaintiff's trademark claim.

Nor have Defendants offered any evidence that would alter the balance of equities, which strongly favors Plaintiff. Defendants merely contend that they will be irreparably harmed absent a stay because Plaintiff has notified a third party, IntegriTeam, of the preliminary injunction. ([48.1] at 7-8). Defendants make no effort to explain how Plaintiff's request to IntegriTeam to "immediately remove all images and references to products that contain the AMAZING WOMAN™

trademark or AMAZING WOMAN™ poem for all Internet websites" and to retain evidence of their potentially infringing activities causes them irreparable harm or why the $50,000 posted bond is insufficient to protect Defendants' interests.[3] Any harm to Defendants as a result of the injunction is self-inflicted and substantially outweighed by the irreparable harm Plaintiff would suffer if Defendants were permitted to exploit Plaintiff's trademark while on appeal.

Defendants failed to carry their heavy burden of demonstrating a need for a stay. Defendants' motion to stay the preliminary injunction pending appeal is denied.

### C. Plaintiff's Motion to Stay the Deadline for Filing Any Motion for Attorneys' Fees

Fed. R. Civ. P. 54(d)(2)(B) requires any motion for attorneys' fees to be filed "no later than 14 days after entry of judgment." "'Judgment' as used in the[] rules includes a decree and any order from which an appeal lies." Fed. R. Civ. P.

---

[3] Defendants complain that Plaintiff's letter, notifying IntegriTeam of the injunction, states that, "Cathedral Art is merely trying to protect its trademark and copyright rights" when the Court's injunction is not based on any copyright. ([48.1] at 8). The scope of action requested by Plaintiff, however, is limited to the enjoined activity ("selling products bearing Plaintiff's AMAZING WOMAN trademark, including products that bear the word mark 'AMAZING WOMAN' and products that bear a poem entitled 'Recipe for an Amazing Woman.'"). ([48.2] at 3). Plaintiff also provided a copy of the Court's order defining the scope of the injunction. (Id. at 2).

9

54(a). "Injunctions are appealable without regard to finality." § 2651 Definition of a "Judgment", 10 Fed. Prac. & Proc. Civ. § 2651 (3d ed.). Rule 54(d)(2)(B) provides the Court authority to alter the deadline.

Plaintiff requests that the deadline for filing any motion for attorneys' fees be "tolled until fourteen (14) days following the Court's order pertaining to Defendants' motion for reconsideration or fourteen (14) days following issuance of an opinion by the U.S. Court of Appeals for the Eleventh Circuit that resolves Defendants' appeal of the Court's preliminary injunction order, whichever is later." ([49.1]). Plaintiff submits that Defendants' motion for reconsideration is akin to a post-judgment motion that permits tolling of any deadline proscribed by Fed. R. Civ. P. 54(d)(2)(B) for filing a petition for attorneys' fees. Plaintiff also notes that some courts have interpreted Rule 54 to not require an attorneys' fees petition to be filed within 14 days of a preliminary injunction order because it would be premature. ([49] at 2, citing Consol. Paving, Inc. v. Cty. of Peoria, Ill., No. 10-CV-1045, 2013 WL 916212, at *3 (C.D. Ill. Mar. 8, 2013) ("It simply makes little sense to require the submission of petitions for attorney's fees before the legal work is done.")).

Defendants concur that a motion for attorney fees would be premature. ([60] at 1). Defendants contend, however, that "there is no reason to permit a fee award pendente lite." (Id. at 3). Defendants argue:

> "[T]he injunction standard of probable success on the merits is not equivalent to actual success on the merits." Lorillard Tobacco Co. v. Engida, 611 F.3d 1209, 1217 (10th Cir. 2010) (quoting N. Arapahoe Tribe v. Hodel, 808 F.2d 741, 753 (10th Cir. 1987). "Consequently, a party's claim to have succeeded at the preliminary injunction stage does not necessarily transform a party into a prevailing party." Lorillard, 611 F.3d at 1217. "It is of course literally true that every preliminary injunction effects some judicially sanctioned change in the parties' legal relationship. If that were all [the Supreme Court's decision in] Buckhannon requires, then every recipient of a preliminary injunction becomes a prevailing party eligible for an attorneys' fee award." Id., at 1217 (quoting N. Cheyenne Tribe v. Jackson, 433 F.3d 1083, 1085 (8th Cir. 2006); citing Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001)).

([60] at 2). Defendants further argue that "[w]hen the parties intend to continue litigation 'to definitively resolve the controversy … a fee request at the initial stage [would be] premature.'" (Id., citing Sole v. Wyner, 551 U.S. 74, 86 (2007).

The cases cited by the Defendants do not appear to be directly on point. For instance, N. Cheyenne Tribe, 433 F.3d at 1086, addressed whether a preliminary injunction granting temporary relief that merely maintains the status quo confers prevailing party status sufficient for an award of attorneys' fees where the preliminary injunction here altered the status quo. The Supreme Court in Sole, 551

11

U.S. at 86, "decide[d] only that a plaintiff who gains a preliminary injunction does not qualify for an award of counsel fees under § 1988(b) if the merits of the case are ultimately decided against her." Lorillard Tobacco, 611 F.3d at 1215, held that a defendant was not a prevailing party where the plaintiff voluntarily dismissed the case without prejudice and without a court order.

The parties agree that any motion for attorneys' fees should not be filed until at least 14 days after issuance of an opinion by the U.S. Court of Appeals for the Eleventh Circuit that resolves Defendants' appeal of the Court's preliminary injunction order. The Court finds good cause to extend the filing deadline until that time. Should Plaintiff prevail and file a motion for attorneys' fees, the parties should address whether Plaintiff is a prevailing party under the appropriate fee-shifting statutes and entitled to a fee award pendente lite. The parties may jointly move to extend that deadline in the event each concludes that consideration of a fee award should await entry of a final judgment on the merits.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants Motion for Reconsideration or, in the Alternative, to Stay the Preliminary Injunction Pending Appeal [48] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay the Deadline for Filing Any Motion for Attorneys' Fees [49] is **GRANTED**. Plaintiff's motion for attorneys' fees shall be due fourteen (14) days following issuance of an opinion by the U.S. Court of Appeals for the Eleventh Circuit that resolves Defendants' appeal of the Court's preliminary injunction order.

**SO ORDERED** this 24th day of May, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE